**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 97-30477
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

THOMAS RUSKIN, also known as Thomas Rufkin,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(96-CR-30037-ALL)
May 14, 1998

Before DAVIS, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The United States appeals the district court's decision granting Thomas Ruskin's motion to suppress tapes of telephone conversations between Ruskin and codefendant Gary Lowery made by Henry Volentine, a neighbor of Lowery.

The district court found, _inter alia_, that because Ruskin purposely used a land-based phone and had told Lowery never to use a cordless phone, Ruskin had an expectation of privacy that society

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

is prepared to recognize as reasonable.  The question of whether Ruskin's expectation of privacy was reasonable under the circumstances is a question of law that we review *de novo*.  *See United States v. Smith*, 978 F.2d 171, 176 (5th Cir. 1992).

On appeal, the government alleges that Ruskin did not have a reasonable expectation of privacy in these cordless telephone conversations.  We agree.  In light of all of the circumstances, and particularly because Ruskin introduced no evidence, such as the phone's frequency or range, that would tend to show that his subjective expectation of privacy was reasonable, we hold that Ruskin failed to carry his burden of showing that his Fourth Amendment rights were violated.  *See Smith*, 978 F.2d at 180 (explaining that the "trial court must be prepared to consider the reasonableness of the privacy expectation in light of all the particular circumstances and the particular phone at issue").  We reject Ruskin's argument that he had a reasonable expectation of privacy because he was using a hard-wire telephone himself and had admonished Lowery not to use a cordless phone; while Ruskin's admonishment demonstrated Ruskin's subjective hope that his conversations with Lowery would remain private, it actually indicated an awareness of the lack of privacy inherent in such conversations.  *See United States v. McNulty (In re Askin)*, 47 F.3d 100, 103-04 (4th Cir. 1995) (rejecting defendant's argument that the court should take a bifurcated view of the communication

because the defendant himself was using a traditional wire-based phone, addressing both the Wiretap Act and the Fourth Amendment) (citing *United States v. White*, 401 U.S. 745, 91 S. Ct. 1122, 28 L. Ed. 2d 453 (1971)). Finally, we hold that at the time Volentine taped the conversations, such action was legal under both the Wiretap Act and the Federal Communications Act (FCA), further supporting the government's position that Ruskin had no reasonable expectation of privacy under the Fourth Amendment. *See* 18 U.S.C. § 2510(1), (12) (1993) (expressly excluding from the definitions of "wire communication" and "electronic communication," respectively, "the radio portion of a cordless telephone communication that is transmitted between the cordless telephone handset and the base unit"); *Smith*, 978 F.2d at 175 (holding that the Wiretap Act did not protect defendant's cordless telephone conversations because such communications were expressly excluded from the Act's definitions of "wire communication" and "electronic communication" and because "cordless telephone conversations do not fit within the terms of 'oral communication'"); *Edwards v. State Farm Ins. Co.*, 833 F.2d 535, 538 (5th Cir. 1987) (holding that because Edwards had been determined not to have possessed "a subjective expectation of privacy that was justifiable under the circumstances" with respect to the conversation at issue, no violation of § 605 of the FCA occurred). For the foregoing reasons, we hold that because Ruskin did not have a reasonable expectation of privacy in the telephone

conversations at issue, the district court erred in granting his motion to suppress.

REVERSED and REMANDED.